Filed 6/28/21  P. v. McMurray CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>ROSCOE MCMURRAY,<br><br>　　　Defendant and Appellant. | B310560<br><br>(Los Angeles County<br>Super. Ct. No. BA197533) |

　　　　APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Curtis B. Rappé, Judge.  Affirmed.

　　　　Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　No appearance for Plaintiff and Respondent.

Roscoe McMurray appeals from a postjudgment order denying his motion for resentencing. His appellate counsel filed a brief asking this court to proceed under *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*).

In 2000, McMurray was convicted of three counts of robbery (Pen. Code,[1] § 211) and one count of felon in possession of a firearm (former § 12021, subd. (a)(1)). The jury found true a firearm enhancement (§ 12022.53, subd. (b)), and the trial court found that he had two prior serious convictions within the meaning of the Three Strikes law. The trial court sentenced McMurray to three consecutive 25-years-to-life terms plus a determinate term of 13 years 4 months. Another panel of this Division affirmed the judgment. (*People v. McMurray* (Jan. 25, 2002, B146894) [nonpub. opn.].)

Thereafter, section 1016.8 became effective January 1, 2020. (Stats. 2019, ch. 586, § 1, pp. 1–2.) The section provides that a plea bargain requiring a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is not knowing and intelligent and is void as against public policy. (§ 1016.8, subds. (a)(4), (b).) McMurray filed a motion under that section, arguing that the trial court could not use his prior convictions that resulted from plea bargains as strikes because he entered into those pleas before the Three Strikes law was enacted. McMurray attached to his motion a barely legible abstract of judgment dated 1988 showing that he was convicted of five counts of robbery pursuant

---

[1] All further undesignated statutory references are to the Penal Code.

to a plea.  The trial court summarily denied McMurray's motion, noting that the 1988 abstract of judgment did not reference any condition of the plea.

McMurray appealed.  His appellate counsel declared he was unable to find any arguable issues and asked us to follow *Serrano*, *supra*, 211 Cal.App.4th 496, which found that review under *People v. Wende* (1979) 25 Cal.3d 436, does not apply to appeals from orders denying postconviction relief.  (Accord, *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted Oct. 14, 2020, S264278.)  *Cole*, at pages 1039 to 1040, found that an appeal from a postconviction order may be dismissed if counsel has found no arguable issues and if the defendant has not filed a supplemental brief.  Where the defendant has filed a supplemental brief, the Court of Appeal must evaluate any arguments raised in the brief and issue a written opinion disposing of the trial court's order on the merits.  (*Ibid.*)  Here, McMurray filed a supplemental brief.  Accordingly, without deciding whether *Cole* is correct in whole or in part, we proceed to review his contentions.

McMurray appears to contend that his 1988 plea bargain was not knowing and intelligent and was void as against public policy, so his 1988 convictions could not be used as strikes when he was sentenced in his later case in 2000.  However, the abstract of judgment concerning McMurray's 1988 convictions does not show what conditions were attached to the plea.  Therefore, McMurray has not shown entitlement to any relief under section 1016.8.  Also, McMurray's supplemental brief raises no new issue and merely repeats the issues raised in his motion.

We have examined the record and have found no arguable issues.  We are further satisfied that McMurray's attorney has fully complied with the responsibilities of counsel.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.

We concur:


EGERTON, J.



KALRA, J.*

---

\* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.